**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

FORREST MALKER, JR., a/k/a Pee Wee
Malker,
Defendant-Appellant.

No. 99-4152

Appeal from the United States District Court
for the District of South Carolina, at Rock Hill.
Dennis W. Shedd, District Judge.
(CR-98-279)

Submitted: October 8, 1999

Decided: October 27, 1999

Before WIDENER and HAMILTON, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Langdon D. Long, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellant. Marshall Prince, OFFICE OF THE
UNITED STATES ATTORNEY, Columbia, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Forrest Malker, Jr., was convicted pursuant to his guilty pleas of various offenses related to his participation in the armed robbery or attempted robbery of three jewelry stores. Malker's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), alleging that the district court erred by failing to fully comply with Fed. R. Crim. P. 11 and by improperly applying the Sentencing Guidelines.* Although advised of his right to file a pro se supplemental brief, Malker has failed to do so. Finding no error, we affirm.

The facts of this case are straightforward and not in dispute. Malker participated in the armed robbery of two jewelry stores and the attempted robbery of a third. Police broadcast surveillance video from the attempted robbery on a local television station, which led to Malker's identification and arrest. Malker confessed to his part in the robberies shortly after his arrest.

We give due deference to the district court's conduct of the Rule 11 hearing, and we will only vacate Malker's conviction if the court's alleged violations of Rule 11 affected his substantial rights. See United States v. DeFusco, 949 F.2d 114, 116-17 (4th Cir. 1991). Malker, however, does not allege any specific violations of Rule 11, nor does our review of the record disclose any. The court fully advised Malker concerning the nature of the offenses, the maximum penalties, and the rights he was giving up. The court further ensured that Malker's plea was knowing and voluntary and that there was a factual basis for the plea.

Because Malker did not object to the court's sentencing calculations at trial, we review his sentence for plain error and find none. See

_____

*U.S. Sentencing Guidelines Manual (1998).

2

United States v. Grubb, 11 F.3d 426, 440-41 (4th Cir. 1993). Again, Malker does not identify any specific errors, nor are any apparent in the record.

We have examined the entire record in this case in accordance with the requirements of Anders and find no meritorious issues for appeal. The court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

Accordingly, we affirm Malker's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3